IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RTK TECHNOLOGIES LIMITED,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JACK SHAPIRO,<br><br>　　　　　　　　Defendant. | Civil Action No.<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

　　　　Plaintiff, RTK Technologies Limited ("Plaintiff" or "RTK"), by and through its undersigned counsel, as and for its complaint against defendant, Jack Shapiro ("Defendant" or "Shapiro"), alleges as follows:

### NATURE OF THE SUIT

　　　　1.　　This is an action for trademark infringement and unfair competition under the United States Trademark ("Lanham") Act, as amended, and breach of a dealership agreement.

　　　　2.　　Although Plaintiff terminated its dealership arrangement with Defendant and Defendant acknowledges that he is a *former* dealer, Defendant continues to utilize Plaintiff's trademarks and sell Plaintiff's goods.

　　　　3.　　Plaintiff seeks to protect its REVO mark and variations thereof, which it has used for over the past decade in the United States in connection with the manufacturing, distribution and sale of its automotive software products.

　　　　4.　　Defendant has trespassed blatantly on Plaintiff's trademark rights by marketing and offering for sale similar goods and services under a designation identical to Plaintiff's marks.

5. Despite Plaintiff's demands that Defendant cease infringing on its trademark rights and selling Plaintiff's goods, Defendant has continued to use and appropriate Plaintiff's marks and sell Plaintiff's goods.

6. Plaintiff brings this action to put an end to Defendant's willful violation of its rights.

### THE PARTIES

7. Plaintiff is a limited liability company organized under the laws of the United Kingdom, having a principal place of business of 37 Lanchester Way, Royal Oak Industrial Estate, Daventry, NN118PH, United Kingdom.

8. Upon information and belief, defendant Jack Shapiro is an individual residing in New York at 1001 State Route 17K, Montgomery, New York 12549. Mr. Shapiro also does business under the name European Parts Emporium.

### JURISDICTION AND VENUE

9. This Court has jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as the counts pleaded herein arise under the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §§ 1051-1127.

10. Subject matter jurisdiction in this Court over these causes of action is proper pursuant to Sections 39 and 44 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to 28 U.S.C. § 1367, under a theory of supplemental jurisdiction.

11. This Court has personal jurisdiction over the Defendant as Defendant resides and conducts business in this district, and as Defendant has caused injury to Plaintiff in this judicial district.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims of this complaint occurred in this judicial district.

## STATEMENT OF FACTS

### PLAINTIFF'S TRADEMARK RIGHTS

13. Plaintiff RTK was founded in 2002 in Daventry, England. The company offers automotive aftermarket performance-enhancing products and services.

14. For over 10 years, since 2003, Plaintiff has manufactured, distributed, offered for sale, and sold its automotive software products under the REVO TECHNIK mark in the United States.

15. Since that time, Plaintiff has also manufactured, distributed, offered for sale, and sold its automotive software products under the REVO mark in the United States.

16. Plaintiff offers its goods and services in over forty (40) countries around the world, through a network of over 400 authorized dealers and performance centers internationally.

17. In the United States specifically, Plaintiff's products are sold nationwide, through a network of dealers located in approximately 30 states.

18. Plaintiff owns the following U.S. trademark registration:

- Reg. No. 4,759,978 for the mark REVO, in Class 42 for computer software used to increase automotive fuel efficiency and engine performance.

19. Plaintiff also owns the following pending U.S. trademark applications:

- Serial No. 86/442,535 for the mark REVO TECHNIK, in Class 42 for computer software used to increase automotive fuel efficiency and engine performance.

Collectively, Plaintiff's trademarks are referred to as the "REVO Marks." A copy of the certificate of registration for the registered REVO Marks is attached hereto as **Exhibit A**.

20. In the past five years alone, Plaintiff has realized not less than 2 million dollars in sales for goods and services offered under the marks in the United States.

21. Indeed, Plaintiff is one of the leading providers of such goods and services in the United States.

22. Additionally, Plaintiff has spent significant sums of money to promote, advertise and market its REVO brand in the United States. Excerpts of Plaintiff's website, through which Plaintiff markets its goods in the United States, are attached hereto as **Exhibit B.**

23. The REVO Marks have become well-known to consumers throughout the United States as an indication of goods and services emanating from or authorized by a single source, namely Plaintiff, and thus have acquired distinctiveness and secondary meaning.

24. As a result of Plaintiff's sales of goods and services under the REVO designations, its extensive promotion of the REVO Marks, and its nationwide presence, the REVO Marks have become imbued with goodwill and renown, which is exclusively associated with Plaintiff.

## DEFENDANT'S WRONGFUL CONDUCT

25. Defendant has engaged in activities designed to trade off the reputation and goodwill earned by Plaintiff in its REVO Marks.

26. As noted, Plaintiff's products and services are distributed through a network of dealers and performance centers.

27. Defendant is a former dealer of Plaintiff.

28. On or about April 7, 2003, Defendant signed an agreement with Revo Technik America, LLC (the "Dealer Agreement"). A true and complete copy of the Dealer Agreement, dated April 7, 2003, is attached hereto as **Exhibit C**.

29. In his capacity as a dealer for Plaintiff, Defendant sold Plaintiff's software and related products to consumers, including installing and providing support for Plaintiff's software products sold under the REVO Marks on consumer's vehicles.

30. Under the terms of the parties' agreement, any and all intellectual property rights, including rights in the REVO Marks, remain the property of Plaintiff.

31. Specifically, Paragraph 2.2 of the Dealer Agreement set forth the following:

**Ownership of Intellectual Property Rights**.

All patents, trademarks, trade names, Trade Secrets, know-how, logos, derivatives, copyrights, copyrightable material, Software System, hardware, instruction manuals, code, chips and other designations used or adopted by REVO in connection with the manufacturing, selling or distribution of the REVO Software including, without limitation, the REVO marks and original content (collectively the "Rights") shall at all times be and remain the exclusive property of REVO. Nothing contained in this Agreement shall be construed to give New Company any ownership of or interest in the Rights or shall enable New Company to use the Rights after the expiration or termination of this Agreement. Any and all trademarks, copyrights, or other Rights which may exist or hereafter come into being, including without limitation, brand names subbrand names, or slogans, and which are used on labeling, packaging, advertising or promotional material for REVO Software shall be the exclusive property of REVO and shall be deemed included among the Rights. To the extent any other rights in or to any trademarks, copyrights or other intellectual property associated or related to REVO Software or the marketing, sale or distribution thereof are deemed to accrue to New Company, New Company hereby agrees to assign any and all such rights to REVO at such time as they are deemed to accrue.

*See* Exhibit B at ¶ 2.2.

32. Under the terms of the Dealer Agreement, Defendant also acknowledged that the REVO Marks belong to Plaintiff, as pursuant to Paragraph 3.2 of the Dealer Agreement, the parties agreed as follows:

**Rights to the Marks**

Nothing in this Agreement will create in New Company any rights in the REVO Marks (except the right to use such marks in accordance with this Agreement). New Company shall not use the REVO name or any abbreviation, contraction or

5

simulation thereof or of REVO affiliated companies without REVO's prior written consent other than as expressly provided for in this Agreement.

*See* Id. at ¶ 3.2.

33. In addition, Defendant further agreed that it "shall not file during the Term [of the Dealer Agreement] or thereafter, any application for trademark or service mark registration or otherwise obtain or attempt to obtain ownership of any trademark, service mark or trade name with consist of a REVO mark or any REVO mark design, logo or slogan." Id. at ¶ 2.3.

34. Further, the Dealer Agreement provided that upon termination of the dealership arrangement, the dealer and his New Company shall discontinue use of the REVO Marks and any other REVO trade names or trademarks. Id. at ¶ 4.3.

35. Moreover, upon termination, the dealer must return all unused goods and materials, REVO's proprietary Serial Port Programming cable (the "SPP Cable"), service manuals, and other REVO materials to Plaintiff. Id.

36. The Dealer Agreement was renewed on or about November 23, 2005 by and between Shapiro and Revo Developments, Limited, the successor to Revo Technik America, LLC (the "Renewal Agreement" and together with the Dealer Agreement, "Agreements"). A true and complete copy of the signature page of the Renewal Agreement, executed by Defendant on November 23, 2005, is attached hereto as **Exhibit D**. Plaintiff has succeeded to Revo Developments, Limited's rights in the Agreements.

37. The term of the Renewal Agreement was for one year and automatically renewed for one year terms unless otherwise terminated.

38. The terms of the Renewal Agreement carried forward Defendant's acknowledgment of Plaintiff's rights in its REVO Marks.

39. In addition, it also set forth that upon termination of the dealership arrangement, the dealer must return all unused goods, the SPP Cable, and other materials within 5 days of termination.

40. On or about December 4, 2013, Plaintiff terminated the dealership agreement with Defendant.

41. At the time it terminated the Agreements, Plaintiff demanded that Defendant return the SPP Cable and other materials as provided for under the Agreements. Defendant failed to comply with such demand.

42. Despite having been terminated as a dealer of Plaintiff, Defendant also continued to advertise and promote himself as "an authorized Revo Technik Dealer."

43. In addition, though he no longer has Plaintiff's permission to do so, Defendant continues to advertise and display Plaintiff's REVO Marks and Plaintiff's products and services on his website, www.europeanpartsemporium.com.

44. Further, notwithstanding his knowledge of Plaintiff's rights in the REVO Marks, on January 21, 2014, Defendant filed an application with the U.S. Trademark Office to register the trademark REVO TECHNIK USA (the "Infringing Mark"), U.S. Trademark Application Serial No. 86/170,954 for "[d]ocument data transfer from one computer format to another; document data transfer from one computer to another; computer services, namely, data recovery services; computer services, namely, providing encrypted data recovery services" in Class 42 (the "Application"). A true and complete copy of Defendant's Application for the Infringing Mark, filed January 21, 2014, is attached hereto as **Exhibit E**.

45. Though Defendant described the relevant goods and services using differing terminology in the Application, upon information and belief, such goods and services clearly

7

refer to goods and services identical to, related to, or highly similar to those offered by Plaintiff, and therefore the Application sought to register a mark that is identical to or highly related to Plaintiff's REVO Marks.

46. Prompted by the discovery of Defendant's Application for the Infringing Mark, and in view of Plaintiff's prior rights, in July 2014, counsel for Plaintiff demanded that Defendant withdraw the Application for the Infringing Mark. In addition, Plaintiff demanded that Defendant cease from displaying the REVO Marks and otherwise associating himself with Plaintiff on his website. A true and complete copy of Plaintiff's July 28, 2014 correspondence is attached hereto as **Exhibit F**.

47. Plaintiff also reiterated its demands that Shapiro return the SPP Cable and any unused goods and materials to Plaintiff. *See id*.

48. In response to Plaintiff's July 28th correspondence, Shapiro asserted that he had returned the SPP Cable (without which he is unable to sell Plaintiff's goods or continue to act as a dealer) to Plaintiff on or about October 19, 2012. However, the cable returned by Defendant was an old version of the cable. Subsequent to the return of such cable, on or about October 22, 2012, Plaintiff issued Defendant a new SPP cable, which upon information and belief Defendant has not returned.

49. Upon information and belief, Defendant is still in possession of the SPP cable that was issued on or about October 22, 2012 given that Defendant continues to sell Plaintiff's goods, which, upon information and belief, he cannot sell without use of the SPP Cable as the cable is necessary to service and install Plaintiff's software. Thus, Defendant's continued selling of Plaintiff's goods belies his assertion that he has returned all of Plaintiff's SPP cables.

50. Despite further correspondence from Plaintiff demanding that Shapiro cease his infringing acts, Shapiro failed to comply with any of Plaintiff's demands, including the demand to withdraw the Application to register the Infringing Mark.

51. On November 3, 2014, Plaintiff filed its own applications to register the REVO Marks and was forced to file a Notice of Opposition with the U.S. Trademark Office, Trademark Trial and Appeal Board ("TTAB"), opposing Defendant's Application for the Infringing Mark. A true and complete copy of the Notice of Opposition, filed on November 4, 2014 with the TTAB, is attached hereto as **Exhibit G**.

52. Shapiro failed to file an answer or otherwise respond to Plaintiff's Notice of Opposition within his time to do so.

53. Accordingly, on January 16, 2015, the TTAB issued an Order to Show Cause and Notice of Default, providing Shapiro thirty (30) days from the date of the notice to show why a judgment of default should not be entered against him. A true and complete copy of the Order to Show Cause, dated January 16, 2015, is attached hereto as **Exhibit H**.

54. Following Shapiro's default and the issuance of the Board's Order to Show Cause, by way of a correspondence dated January 19, 2015, Plaintiff reiterated its demands that Shapiro cease his infringing activities. A true and complete copy of Plaintiff's January 19, 2015 correspondence is attached hereto as **Exhibit I**.

55. In or around January 28, 2015, Shapiro acknowledged that Plaintiff terminated the dealership agreement. He removed references to himself as "an authorized Revo Technik Dealer," from his website and clarified that he is a former dealer for Plaintiff. Despite his acknowledgment that he is a former dealer of Plaintiff, Shapiro did not cease utilizing the REVO Marks or selling Plaintiff's goods. Indeed, on his website, Defendant states that he will continue

to sell new versions of Plaintiff's goods despite being terminated as a dealer for Plaintiff. Excerpts of Defendant's website, www.europeanpartsemporium.com, wherein he wrongfully continues to advertise and display the REVO Marks are attached hereto as **Exhibit J**.

56. On February 28, 2015, judgment was entered by the TTAB on Defendant's Application against Defendant and in favor of Plaintiff. A true and complete copy of the TTAB's February 28, 2015 Judgment is attached hereto as **Exhibit K**.

57. Shapiro however continues to sell and promote REVO-branded products and advertise and display Plaintiff's REVO Marks on his website.

58. Shapiro also has refused to return the SPP Cable and any unused REVO goods or materials.

59. Further, Shapiro is continuing to sell and promote REVO-branded products on an eBay store under the name "vwemporium128a." True copies of images from Shapiro's eBay store, where he sells and features REVO-branded products and continues to advertise and display the REVO Marks, are attached hereto as **Exhibit L**.

60. Moreover, to promote his company, European Parts Emporium, Shapiro continues to use paraphernalia and marketing materials that bear the REVO Marks, including but not limited to displaying the REVO Marks on his business cards, as well as continues to distribute promotional materials that associate his business with that of the Plaintiff.

61. In addition, despite being denied registration for the Infringing Mark, Revo Technik USA, and despite Plaintiff's clear prior rights in the REVO Marks, Shapiro continues to use the Infringing Mark.

62. Shapiro has purchased and owns the domain name www.revotechnikusa.com, which website redirects consumers to his European Parts Emporium website. Upon information

and belief, Defendant registered this domain in bad faith and with the specific intent of diverting consumers from Plaintiff's website.

63.     Plaintiff also learned that Shapiro is selling and promoting REVO-branded products on a second eBay store under the name "revo_technik_usa," a name confusingly similar, and indeed nearly identical to the REVO Marks.  True copies of images from Shapiro's eBay store, under the member name "revo_technik_usa," which sells and features REVO-branded products and advertises and display the REVO Marks, are attached hereto as **Exhibit M**.

64.     Furhter, upon information and belief, in order to sell the types of the Plaintiff's goods available for purchase on Defendant's "revo_technik_usa" eBay store, Defendant must be in possession of Plaintiff's SPP Cable.  Accordingly, upon information and belief, Defendant has retained Plaintiff's SPP Cable.

65.     In addition, despite demands from Plaintiff that Defendant cease his continued use of the REVO Marks and of the Infringing Mark, REVO TECHNIK USA, Defendant has refused and persists in his infringing activities.

## INJURY CAUSED BY DEFENDANT

66.     Defendant's Infringing Mark is identical, or nearly identical, to Plaintiff's REVO Marks.

67.     Given the identical nature of the Infringing Mark and the REVO Marks, Defendant's use of the Infringing Mark is likely to cause confusion in the marketplace as to the origination, association, sponsorship or endorsement of Defendant and/or its goods and services' sold under the Infringing Mark by or with Plaintiff and/or its goods and services sold under the REVO Marks.

68. Further, as a result of Defendant's role as a former dealer of Plaintiff, Defendant had constructive notice, since long prior to the commencement of Defendant's unlawful actions described herein, of Plaintiff's exclusive ownership of the REVO Marks.

69. In addition, Plaintiff no longer has an association, affiliation, sponsorship or any other connection to the Defendant. Nonetheless, Defendant continues to use the REVO Marks on his website. Consequently, Defendant's wrongful actions are likely to mislead consumers into believing that Plaintiff and Defendant are affiliated when they are not.

70. Defendant's wrongful actions are likely to divert and appropriate the goodwill created by Plaintiff in its REVO Marks.

71. Upon information and belief, Defendant is willfully and in bad faith attempting to exploit the goodwill and fame of the REVO Marks. Defendant's infringing use of the REVO Marks on his website and eBay stores, and his use of the Infringing Mark has the effect of injuring Plaintiff by deceiving, misleading, and confusing Plaintiff's customers and the public in general as to whether Plaintiff is the source, sponsor, or otherwise associated with Defendant and the goods and services intended to be sold under the Infringing Mark.

## CAUSES OF ACTION

### COUNT I
### Trademark Infringement, False Designation of Origin and Unfair Competition
### (11 U.S.C. §§1114, 1125(a))

72. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs as though more specifically set forth at length herein.

73. Plaintiff has long standing rights in the REVO Marks, which marks are inherently distinctive to the public.

74. Plaintiff owns a U.S. Trademark Registration for the REVO Marks.

75. The REVO Marks have become well-known to consumers throughout the United States as an indication of goods and services emanating from or authorized by a single source, namely Plaintiff, and thus have acquired distinctiveness and secondary meaning.

76. Defendant's distribution, advertisement, offering for sale, and sale of goods and services under the Infringing Mark is likely to cause confusion, to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77. In addition, Defendant's use and promotion of Plaintiff's REVO Marks in commerce constitutes infringement of Plaintiff's REVO Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78. Defendant's wrongful conduct also creates a false designation of origin and a false representation of Plaintiff's goods and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's acts intend to suggest and has falsely suggested that Defendant's goods and services are endorsed, sponsored, authorized, or approved by Plaintiff in a manner to mislead consumers.

79. Defendant's acts described herein infringe Plaintiff's Marks, injure Plaintiff's business, reputation, and goodwill, and unless restrained and enjoined, will continue to do so, causing Plaintiff irreparable harm.

80. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

81. By reason of Defendant's acts of trademark infringement, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

82. Defendant's acts of trademark infringement are willful and Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

83. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117 and entitling Plaintiff to an award of attorney's fees.

## COUNT II
## Common Law Trademark Infringement
## (N.Y. Gen. Bus. Law § 360)

84. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs as though more specifically set forth at length herein.

85. Plaintiff is the owner of the common law rights in the REVO Marks, including in the mark REVO TECHNIK. Plaintiff's REVO Marks are well known, distinctive and recognized as denoting high-quality goods and services to the purchasing public throughout the United States.

86. Due to such reputation and public awareness, Plaintiff has established valuable good will in connection with REVO Marks.

87. Defendant's unauthorized adoption and use of the Infringing Mark, which is identical or nearly identical to Plaintiff's REVO Marks, and Defendant's wrongful use and appropriation of Plaintiff's REVO Marks in New York is likely to cause confusion or mistake and has and will deceive the public into associating Defendant's goods and services with those of Plaintiff.

88. These acts constitute common law service mark infringement for which Plaintiff has no adequate remedy at law.

89. Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

90. By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

91. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT III
### Common Law Unfair Competition
### (N.Y. Gen. Bus. Law § 349(a))

92. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs as though more specifically set forth at length herein.

93. The adoption and use by Defendant in New York of the Infringing Mark, and unauthorized use and display of Plaintiff's REVO Marks constitutes unlawful appropriation of Plaintiff's exclusive rights in and to its REVO Marks.

94. Through such acts, Defendant improperly trades upon Plantiff's goodwill and valuable rights in and to the REVO Marks.

95. Such unauthorized use has caused and is causing damage and irreparable injury to Plaintiff.

96. The foregoing acts by Defendant constitute unfair competition and infringement of Plaintiffs common law rights for which Plaintiff has no adequate remedy at law.

15

## COUNT IV
## Breach of Contract

97. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs as though more specifically set forth at length herein.

98. Plaintiff succeeded to Revo Developments, Limited's rights under the Agreements.

99. Under the terms of the Agreements, Defendant acknowledged Plaintiff's rights in and ownership of the REVO Marks.

100. Further, the terms of the Agreements set forth that upon termination of the dealership relationship, Defendant was to return or make available for return Plaintiff's proprietary SPP Cable as well as unused REVO materials or goods.

101. Upon termination of the agreement, Plaintiff demanded that Defendant return the SPP Cable and the unused materials.

102. Defendant, however, failed and has refused to comply with such demand

103. Moreover, despite acknowledging Plaintiff's rights in the REVO Marks, and though he is no longer authorized to do so, Defendant continues to sell and promote REVO-branded products and advertise and display Plaintiff's REVO Marks on his website and on his eBay stores.

104. As a result of Defendant's material breaches of the Agreements, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff a permanent injunction enjoining Defendant and its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, from:

1. Directly or indirectly infringing Plaintiff's trademarks in any manner, including but not limited to the provision, advertising, selling, or offering for sale any services that infringe Plaintiff's trademarks or trade dress; and

2. Using the REVO Marks or any reproduction, counterfeit, copy, or colorable imitation of such mark in connection with the provision, advertising, marketing, sale, offering for sale, or other use of any good or service, including on any website owned or controlled by Defendant, including but not limited to the website, www.europeanpartsemporium.com; and

3. Using any word, term, name, symbol, or device, or any combination thereof, or using any false designation of origin, false, or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of a Defendant's services by Plaintiff; and

4. Engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of the REVO Marks.

B. Enter judgment in favor of RTK Technologies Limited on its Claim of Breach of Contract and award Plaintiff compensatory damages;

  C. Order an accounting of Defendant's profits realized in connection with the sale of any infringing products or on account of any false association with Plaintiff, and an award in such amount to Plaintiff;

  D. Grant an award to Plaintiff of exemplary damages;

  E. Order recovery of compensatory punitive damages for Defendant's willful and malicious actions; and

  F. Such other and further relief as the Court may deem just and necessary.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands a trial by jury on all issues so triable herein.

Dated:           Respectfully submitted,

              /s/ *Melissa A. Peña*
              Melissa A. Peña, Esq.
              Ami Bhatt, Esq.
              NORRIS McLAUGHLIN & MARCUS, P.A
              875 Third Avenue, 8th Floor
              New York, New York 10022
              Phone: 212-808-0700

              **Attorneys for Plaintiff,**
              **RTK Technologies Limited**